IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RUSSELL W. PIEKEN, )
 )
        Plaintiff, )
 )
v. ) Case No. 09-2501-JWL
 )
BAKER UNIVERSITY and )
BAKER UNIVERSITY DEFINED )
CONTRIBUTION RETIREMENT PLAN, )
 )
        Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

In this case, plaintiff asserts claims under the federal Employee Retirement Income Security Act (ERISA) for benefits and alleging retaliation against defendant Baker University, his former employer, and a Baker retirement plan. The matter is presently before the Court on defendants' motion to dismiss both claims. For the reasons set forth below, the Court **grants** the motion and dismisses both claims, although plaintiff is granted leave to amend his benefits claim (Count I) by **February 8, 2010**, to show satisfaction of the exhaustion requirement.

*A.    Governing Standard*

The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is

dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

  *B.* *Claim for Benefits (Count I)*

In Count I of his complaint, plaintiff alleges that he should have received various benefits during his employment at Baker, and he seeks the value of those benefits under ERISA. Defendants move to dismiss this claim on the basis that plaintiff has failed to exhaust administrative remedies under the defendant plan or any other Baker benefits plan.

The Tenth Circuit has described an ERISA plaintiff's exhaustion requirement as follows:

> ERISA contains no explicit exhaustion requirement, although we

2

> have observed exhaustion of administrative (i.e., company-or-plan-provided) remedies is an implicit prerequisite to seeking judicial relief. This proposition derives from the exhaustion doctrine permeating all judicial review of administrative agency action and aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees. Otherwise, a premature judicial interference with the interpretation of a plan would impede those internal processes which result in a completed record of decision making for a court to review. Nevertheless, because ERISA itself does not specifically require the exhaustion of remedies under pension plans, courts have applied this requirement as a matter of judicial discretion. In exercising that discretion, district courts have eschewed exhaustion under two limited circumstances: first, when resort to administrative remedies would be futile; or, second, when the remedy provided is inadequate.

*McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998) (citations and internal quotations omitted). "[T]he futility exception is limited to those instances where resort to administrative remedies would be 'clearly useless.'" *Id.* at 1264 (quoting *Communications Workers of Am. v. AT&T*, 40 F.3d 426, 432 (D.C. Cir. 1994)).

In his complaint, plaintiff has not alleged that he exhausted administrative remedies under Baker's benefit plans. In his opposition brief, plaintiff appears to concede that he did not exhaust such remedies, but he argues that exhaustion would be futile here. In support of that argument, plaintiff notes his allegations that Baker serves as both sponsor and administrator of the defendant plan; that he was not considered a participant of any plan (and thus would not have access to any administrative remedy); and that he "inquired about his eligibility for benefits" during his employment from 1999 to 2008, but that he was "never given an explanation regarding why he was not provided

3

such benefits."[1]

The Court concludes that such allegations are insufficient to establish that exhaustion would be futile in this case. As defendants note, plaintiff has conceded in his complaint that he does not know all of the plans under which he seeks benefits, and plaintiff has not alleged any facts demonstrating that he has even learned the eligibility requirements of any Baker plan. Moreover, plaintiff's bare allegation that he "inquired" and "question[ed]" Baker's management about his eligibility for benefits does not reveal the particular steps he undertook to seek benefits from Baker. *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002) (relevant factors for futility analysis include plaintiff's diligence in pursuing administrative relief). Plaintiff has not alleged explicitly that exhaustion would be futile, and he has failed to allege facts from which one could plausibly infer that exhaustion would be "clearly useless" in this case. Accordingly, plaintiff's claim is subject to dismissal. *See Karls v. Texaco, Inc.*, 139 F. App'x 29, 33 (10th Cir. 2005) (dismissal of ERISA claim on pleadings was proper where plaintiff failed to allege exhaustion); *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992) (affirming dismissal of ERISA claim on basis that plaintiff failed to plead exhaustion where plaintiff "did not allege anything about whether she pursued any available relief" under the benefits plan); *Lewis v. U.F.C.W. Dist. Union Local Two and*

---

[1] Plaintiff states in his brief that both exceptions excuse his failure to exhaust, although he has not explained how the administrative remedies here are inadequate; thus, the Court does not address that second exception to the exhaustion requirement.

*Employers Pension Fund*, 2007 WL 2703050, at *6 & n.55 (D. Kan. 2007) (dismissal of ERISA claim warranted where plaintiff failed to plead exhaustion or futility, citing *Karls*); *see also United States ex rel. Trujillo v. Group 4 Falck*, 244 F. App'x 853, 856 (10th Cir. 2007) (affirming dismissal of employment discrimination claim based on failure to plead exhaustion of administrative remedies).

It is not clear, however, that plaintiff could not allege sufficient facts that could establish exhaustion or futility here. Accordingly, plaintiff is granted leave, until February 8, 2010, to amend Count I of his complaint to cure this pleading deficiency. If plaintiff fails to file an amended complaint by that date, this action shall be dismissed. If plaintiff does amend this claim, defendants will be free at that time to challenge plaintiff's allegations concerning exhaustion.

*C. Retaliation Claim (Count II)*

In Count II of his complaint, plaintiff alleges that Baker terminated his employment to interfere with his entitlement to benefits and in retaliation for his questions to management about benefits, in violation of ERISA § 510, 29 U.S.C. § 1140. Plaintiff alleges that he "is entitled to be made whole for the damages he has sustained as a result of defendants' retaliatory discharge," and he requests "that the Court award him a make whole remedy including such damages as will compensate him for the losses proximately caused by Baker's wrongful termination including back pay, front pay, lost back benefits, lost future benefits," as well as costs and fees. Plaintiff has not sought reinstatement or an injunction or any equitable relief in his complaint. Defendant seeks

5

to dismiss this count on the ground that plaintiff is not entitled to the requested relief under ERISA.

"Section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] provides the plan participant with his exclusive remedies for a § 510 violation." *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1247 (10th Cir. 2004). Section 502(a)(3) allows an action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

Thus, plaintiff may only seek equitable relief as a remedy for the alleged violation of ERISA § 510. The Supreme Court has noted that "almost invariably" suits seeking to compel the defendant to pay a sum of money are for money damages and not for equitable relief. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (1988) (Scalia, J., dissenting)); *see also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1200 (10th Cir. 2006) (Supreme Court has found ERISA § 503(a)(3) "to preclude most forms of make-whole monetary restitution").

Defendant argues that plaintiff, in seeking his "make whole remedy," has requested only money damages, and that his claims for past and future benefits, back pay, and front pay are therefore barred under ERISA's remedial scheme. In response, plaintiff offers no argument in support of his claims for back pay, front pay, or future

6

benefits. Accordingly, the Court dismisses those claims for relief in Count II.

Plaintiff argues only that he is entitled to seek past benefits in a claim for equitable restitution under ERISA, as recognized by the Supreme Court in *Great-West*. In that case, the Supreme Court held that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West*, 534 U.S. at 214.

The Court concludes, however, that plaintiff may not seek past benefits as a remedy under ERISA § 502(a)(3) for a violation of ERISA § 510 because a claim for benefits is properly made under ERISA § 502(a)(1). The Tenth Circuit has expressly recognized "two distinct causes of action and claims for relief under ERISA"—one for equitable relief under Section 502(a)(3) for a violation of Section 510, and one for benefits due under Section 502(a)(1). *See Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1203 (10th Cir. 1990). If, in fact, plaintiff was entitled to receive benefits during his employment, he must pursue that claim under Section 502(a)(1)—as plaintiff has attempted to do in Count I of his complaint.

In *Hicks-Wagner v. Qwest, Inc.*, 462 F. Supp. 2d 1163 (D.N.M. 2006), the court cited *Held* in ruling that a claim for past benefits under ERISA did not constitute a claim for equitable restitution under *Great-West*, and that such a claim must be brought under Section 502(a)(1) (and be subject to the exhaustion requirement). *See id.* at 1169-70. Plaintiff has not cited any contrary authority, under Tenth Circuit law or otherwise. The

7

Court agrees with the reasoning of the court in *Hicks-Wagner*, and concludes that plaintiff may not seek past benefits as a remedy for his retaliation claim under Section 510.

Moreover, this conclusion comports with the rule that "a participant or beneficiary is not permitted to seek equitable relief under § 502(a)(3) if he or she has another adequate ERISA remedy available to him or her." *Hyde v. Benicorp Ins. Co.*, 363 F. Supp. 2d 1304, 1307 (D. Kan. 2005) (Lungstrum, J.) (citing *Moore v. Berg Enters., Inc.*, 1999 WL 1063823, at *2 n.2 (10th Cir. Nov. 23, 1999)); *see also Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (cited in *Moore*) (equitable relief under Section 510(a)(3) is not normally "appropriate" as required in statute where Congress otherwise provided adequate relief for the injury). In this case, an award of benefits to plaintiff would not be warranted in equity to redress retaliation in violation of Section 510 unless plaintiff was eligible for benefits to begin with. If plaintiff was eligible but was nevertheless denied benefits wrongfully, he may seek to recover such benefits under Section 501(a)(1). Indeed, plaintiff has asserted such a claim in this case.

The Court concludes that plaintiff may not properly seek past benefits or any of the other remedies that he seeks in Count II of his complaint as a remedy for retaliation under ERISA.[2] Accordingly, the Court dismisses Count II.[3]

---

[2]Plaintiff states that he could amend Count II to narrow his request for relief, but none of the forms of "make whole" relief that he requests is available as a remedy for retaliation under Section 510. Thus, there is no basis for permitting plaintiff to amend
(continued...)

8

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss is **granted**. Plaintiff is granted leave, until **February 8, 2010**, to amend Count I of his complaint to cure the pleading deficiency noted herein.

IT IS SO ORDERED.

Dated this 28th day of January, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge

---

²(...continued)
Count II.

³In light of this ruling, the Court need not address defendants' argument that plaintiff did not properly state a cognizable claim for retaliation in Count II.

9