IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RUSSELL W. PIEKEN,                          )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )        Case No. 09-2501-JWL
                                            )
BAKER UNIVERSITY and                        )
BAKER UNIVERSITY DEFINED                    )
CONTRIBUTION RETIREMENT PLAN,               )
                                            )
                    Defendants.             )
                                            )
_____)


## MEMORANDUM AND ORDER

In this case, plaintiff asserts claims for employment benefits under the federal

Employee Retirement Income Security Act (ERISA) against Baker University, his

former employer, and a Baker retirement plan.  The matter is presently before the Court

on defendants' motion to dismiss plaintiff's amended complaint for failure to exhaust

administrative remedies (Doc. # 10).  For the reasons set forth below, the Court **grants**

the motion and dismisses this action without prejudice.

   A.    *Governing Standard*

The Court will dismiss a cause of action for failure to state a claim only when the

factual allegations fail to "state a claim to relief that is plausible on its face," *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is

dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The complaint need not

contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

B.    *Analysis*

In his amended complaint, plaintiff alleges that he should have received various benefits during his employment at Baker, and he seeks the value of those benefits under ERISA, 29 U.S.C. § 1132(a)(1). Defendants move to dismiss this claim on the basis that plaintiff has failed to exhaust administrative remedies under the defendant plan or any other Baker benefits plan.

The Tenth Circuit has described an ERISA plaintiff's exhaustion requirement as follows:

> ERISA contains no explicit exhaustion requirement, although we have observed exhaustion of administrative (i.e., company-or-plan-provided) remedies is an implicit prerequisite to seeking judicial relief.

This proposition derives from the exhaustion doctrine permeating all judicial review of administrative agency action and aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees. Otherwise, a premature judicial interference with the interpretation of a plan would impede those internal processes which result in a completed record of decision making for a court to review. Nevertheless, because ERISA itself does not specifically require the exhaustion of remedies under pension plans, courts have applied this requirement as a matter of judicial discretion. In exercising that discretion, district courts have eschewed exhaustion under two limited circumstances: first, when resort to administrative remedies would be futile; or, second, when the remedy provided is inadequate.

*McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998) (citations and internal quotations omitted). "[T]he futility exception is limited to those instances where resort to administrative remedies would be 'clearly useless.'" *Id.* at 1264 (quoting *Communications Workers of Am. v. AT&T*, 40 F.3d 426, 432 (D.C. Cir. 1994)).

Plaintiff first seeks to excuse himself from the exhaustion requirement based on his argument that because he was not yet a participant in any Baker plan, he could not pursue administrative remedies under a plan. The Court rejects this argument. Plaintiff has not cited any caselaw or other authority to support this position that the ERISA exhaustion requirement does not apply to a plaintiff who has been denied *all* benefits under a plan but instead applies only to a plaintiff who has received some benefits and is therefore already a "participant" in the plan. As set forth in the above excerpt, the Tenth Circuit has noted that the exhaustion requirement furthers "ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees" and the preservation of "internal processes which result in a completed record of decision

3

making." *See id.* at 1263. Because those aims apply as well in either scenario (whether or not the employee is already a "participant"), there is no reason not to apply the exhaustion requirement to every claim for benefits under 29 U.S.C. § 1132(a)(1).[1]

Plaintiff does not dispute that he did not exhaust administrative remedies under the defendant plan or any other Baker plan.[2] As he did in opposition to defendants' motion to dismiss the original complaint, plaintiff argues that resort to such remedies would have been futile. In his original complaint, plaintiff alleged that Baker serves as both sponsor and administrator of the defendant plan and that he "inquired about his eligibility for benefits" during his employment from 1999 to 2008, but that he was "never given an explanation regarding why he was not provided such benefits." The Court found those allegations wanting, as follows:

> The Court concludes that such allegations are insufficient to establish that exhaustion would be futile in this case. As defendants note, plaintiff has conceded in his complaint that he does not know all of the plans under which he seeks benefits, and plaintiff has not alleged any facts demonstrating that he has even learned the eligibility requirements of any Baker plan. Moreover, plaintiff's bare allegation that he "inquired" and "question[ed]" Baker's management about his eligibility for benefits does not reveal the particular steps he undertook to seek benefits from Baker. *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir.

---

[1]Moreover, the summary plan description for the defendant plan does not limit the administrative claims and appeal process to claimants already participating in the plan. *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (the court may consider matters outside the pleadings in considering exhaustion).

[2]The summary plan description for the defendant plan requires a written request for benefits and also provides for review of a claim denial, during which the claimant must be permitted to see all plan documents.

4

2002) (relevant factors for futility analysis include plaintiff's diligence in pursuing administrative relief). Plaintiff has not alleged explicitly that exhaustion would be futile, and he has failed to allege facts from which one could plausibly infer that exhaustion would be "clearly useless" in this case. Accordingly, plaintiff's claim is subject to dismissal.

Memorandum and Order, Jan. 28, 2010, at 4 (Doc. #8). The Court granted plaintiff an opportunity to cure this deficiency by filing an amended complaint. *See id.* at 5.[3]

In his amended complaint, plaintiff has added allegations that on four occasions he made inquiry about his eligibility for benefits to his boss, the dean of the graduate school; that on each occasion, the dean responded that she had forwarded his request to Baker management but that he would not receive benefits; that he was not given an explanation or advised of any appeal rights; and that he believed there were no further inquiries to be made. Yet again, however, the Court concludes that plaintiff has not alleged sufficient facts to show that resort to administrative remedies would have been futile.

The Third Circuit has identified several factors that should be considered in determining whether to excuse satisfaction of the ERISA exhaustion requirement on futility grounds, *see Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002), and this Court finds the Third Circuit's list to be useful. Those factors are as follows:

(1) whether plaintiff diligently pursued administrative relief; (2) whether

---

[3]The Court also dismissed plaintiff's retaliation claim. *See* Memorandum and Order, Jan. 28, 2010, at 5-8.

plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile.

*Id.* None of these factors weighs in favor of a finding of futility here. Plaintiff did not seek judicial relief of his denial of benefits at any time during the nine years of his employment, and he did not file this suit until two years after he was told he would be terminated in Fall 2007. Plaintiff has not alleged or shown that Baker had a fixed policy of denying benefits or that Baker failed to comply with its own benefits procedures. Plaintiff has not alleged that anyone at Baker indicated to him that an administrative appeal could not succeed. Most significantly, plaintiff has not alleged facts to show that he diligently pursued administrative relief. He never submitted a formal claim for benefits, or even a written request, but made only four oral inquiries over a period of nine years. He did nothing to confirm that management or someone associated with a Baker benefits plan actually considered his eligibility. He did not submit a claim after he was terminated, before he brought this suit, or even after his original complaint was dismissed for failure to exhaust. Plaintiff did not learn the eligibility requirements of any Baker plan, and he remains unaware of the particular plans under which he seeks benefits, although he would have been given access to all plan documents as a part of the Baker administrative process.

Plaintiff relies heavily on his allegation that Baker is both the sponsor and the administrator of the defendant plan. The Court agrees with other courts, however, that

such an allegation is not enough, by itself, to establish that resort to administrative remedies would be futile. *See, e.g.*, *Rando v. Standard Ins. Co.*, 1999 WL 317497, at *4 (10th Cir. May 20, 1999) (following Seventh Circuit in concluding that the fact that the defendants or the same administrators who denied benefits would conduct the review of that denial is not sufficient to excuse the exhaustion requirement) (quoting *Ames v. American Nat'l Can Co.*, 170 F.3d 751, 756 (7th Cir. 1999)).

In support of his argument that he has sufficiently alleged futility, plaintiff cites only a single case, *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253 (10th Cir. 1998), which, according to plaintiff, "demonstrates that multiple communications seeking benefits makes additional inquiries 'useless.'" The Tenth Circuit did *not* suggest in *McGraw*, however, that multiple inquiries, by themselves, are enough to satisfy the futility standard. In that case, the Tenth Circuit based its futility finding on the facts that plaintiffs' administrative claims were belatedly processed, with review delayed, and that defendant had refused to consider plaintiff's actual medical needs in denying her claims, but had instead merely rubber-stamped its prior determination of the nature of the plaintiff's condition. *See id.* at 1264. No such circumstances are present here, and thus *McGraw* does not mandate a finding of futility in this case.

The Court concludes that plaintiff's lack of success in making four informal, oral inquiries, over a period of nine years, to a person not associated with Baker's funds or involved with benefits, does not establish the futility necessary to excuse plaintiff's failure to exhaust administrative remedies. Plaintiff was required to exercise some

7

diligence in seeking relief directly from Baker—plaintiff at least had to attempt to make some formal claim and receive an actual ruling from a benefits plan administrator, thereby building an administrative record on which a future judicial review might be based. *See Allison v. UNUM Life Ins. Co. of Am.*, 381 F.3d 1015, 1021 (10th Cir. 2004) (in reviewing a plan administrator's discretionary decision, a court is limited to review of the administrative record).[4]  Otherwise, the exhaustion requirement would be effectively eviscerated and the purposes of the requirement (discussed above) would go unserved.  Plaintiff has not identified any authority to support his argument that a few unsuccessful inquiries of an employee's boss may satisfy the futility exception.

Accordingly, the Court concludes that plaintiff has not alleged facts to show that his use of the administrative process would have been "clearly useless," even after plaintiff was given the opportunity to amend his original claim (or to exhaust his administrative remedies before re-filing).  The Court therefore dismisses plaintiff's claim for benefits under ERISA based on his failure to satisfy the exhaustion requirement. *See Karls v. Texaco, Inc.*, 139 F. App'x 29, 33 (10th Cir. 2005) (dismissal of ERISA claim on pleadings was proper where plaintiff failed to allege exhaustion); *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992) (affirming dismissal of ERISA claim on basis that plaintiff failed to plead exhaustion where plaintiff "did not allege anything

_____

[4]If plaintiff had engaged the defendant plan's claims process, he would have been assured of notice and opportunity for review of any denial, *see* 29 C.F.R. § 2560.503-1, and, as noted above, he would have been granted access to all plan documents, thereby enabling him to determine which plans, if any, under which he was eligible.

about whether she pursued any available relief" under the benefits plan); *Lewis v. U.F.C.W. Dist. Union Local Two and Employers Pension Fund*, 2007 WL 2703050, at *6 & n.55 (D. Kan. 2007) (dismissal of ERISA claim warranted where plaintiff failed to plead exhaustion or futility, citing *Karls*); *see also United States ex rel. Trujillo v. Group 4 Falck*, 244 F. App'x 853, 856 (10th Cir. 2007) (affirming dismissal of employment discrimination claim based on failure to plead exhaustion of administrative remedies). This dismissal of plaintiff's action is without prejudice to a possible future suit by plaintiff after further efforts to exhaust his administrative remedies.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss (Doc. # 10) is **granted**, and this action is hereby dismissed without prejudice.

IT IS SO ORDERED.

Dated this 16th day of April, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge